UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARBARA STUART ROBINSON,

              Plaintiff,

    v.

STATE OF WASHINGTON,

             Defendant.

CASE NO. C15-1861-RAJ

REPORT AND RECOMMENDATION

Plaintiff Barbara Stuart Robinson, proceeding pro se, filed a motion to proceed *in forma pauperis* (IFP) in this Court. (Dkt. 1.) Because plaintiff does not appear to have funds available to afford the $400.00 filing fee, she financially qualifies for IFP status pursuant to 28 U.S.C. § 1915(a)(1). However, the Court recommends plaintiff's IFP application be DENIED and this matter DISMISSED for the reasons set forth below.

This Court has declared plaintiff a vexatious litigant. *See Robinson v. Tacoma Community College*, No. C11-5151-BHS (Dkt. 109). Specifically, plaintiff "may not file any claim in the Western District of Washington against any government agency, or its employees when acting in their official capacity, without leave of court." *Id*. at 8. In seeking leave of Court

REPORT AND RECOMMENDATION
PAGE - 1

to proceed with such a claim, plaintiff must submit a separate document that (1) states why the claims are not frivolous and (2) certifies the claims she wishes to present are new claims never before raised and disposed of on the merits by any federal court. *Id*. With a failure to certify or a false certification, plaintiff may be found in contempt of court and punished accordingly. *Id*.

Plaintiff here names the State of Washington as the defendant in her proposed complaint and is, therefore, subject to the above-described pre-filing order. Yet, plaintiff did not submit a separate document stating why her claim is not frivolous and certifying the claim has never before been raised and disposed of on the merits. The Court should, therefore, deny her application to proceed IFP. The Court should also, as discussed below, dismiss this case without providing plaintiff the opportunity to comply with the Court's pre-filing order.

Along with the IFP application, plaintiff filed a "Motion for Injunction Order" and a one-page, handwritten complaint, both of which relate to a pending King County Superior Court case. (Dkt. 1-1.) *See also* http://dw.courts.wa.gov (King County Superior Court Case Number: 15-2-23702-1). In the complaint, plaintiff avers that, on November 23, 2015, she filed a copy of a document in King County Superior Court, and that that document had not been posted on the court's website as of November 24, 2015. (Dkt. 1-1 at 6.) Plaintiff's motion takes issue with the state court's failure to post her document within twenty-four hours, and seeks:

> To stay proceeding in King County Superior Court Until a Constitutional Publication of Law may preside over a due process complaint of Clerks Powers and Duties of Clerks are Published within the Laws of the State of Washington because until then the State of Washington Powers and Duties of Clerks is Unconstitutional under State of Washington Law.

(Dkt. 1-1 at 1-3.)

REPORT AND RECOMMENDATION
PAGE - 2

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

It is well established that, under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Plaintiff, in bringing her claim against the State of Washington, fails to name a viable defendant. Nor does plaintiff allege sufficient facts to put a defendant on notice as to the nature of her claim or to otherwise provide a basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). It is not clear, for example, whether plaintiff raises any cause of action arising under federal law. Nor does there appear to be any basis to allow this Court's interference with an ongoing state civil proceeding and, therefore, to provide plaintiff with the relief she requests. *See Rizzo v. Goode*, 423 U.S. 362, 379-80 (1976) (addressing the "principles of federalism" preventing an injunction by a federal court in an ongoing state civil proceeding).

Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). Where a pro se litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants an opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Here, it appears plaintiff would have to abandon the claim asserted and allege an entirely new cause of action based on an entirely new set of facts in order to proceed with this case. This is more than the rule of liberally granting leave to amend requires.

REPORT AND RECOMMENDATION
PAGE - 3

Accordingly, the Court recommends that plaintiff's motion to proceed IFP (Dkt. 1) be DENIED and this action DISMISSED with prejudice.

<u>DEADLINE FOR OBJECTIONS</u>

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14)** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 18, 2015**.

DATED this <u>1st</u> day of December, 2015.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4